# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ERIC FIERRO,

    Petitioner,

v.                                                                                                                    No. CV 17-832 KG/CG

R.C. SMITH, et al.,

    Respondents.

## ORDER DENYING MOTION FOR CONSOLIDATION

**THIS MATTER** is before the Court on Petitioner Eric Fierro's *Motion for a Join[d]er for Writ of Habeas Corpus*, (Doc. 17), filed on November 13, 2017. Petitioner seeks to consolidate his two 28 U.S.C. § 2254 habeas corpus proceedings pending in the United States District Court for the District of New Mexico, *Fierro v. Smith*, 17-cv-738-JCH-KBM, and *Fierro v. Smith*, 17-cv-832-KG/CG.

Petitioner, an inmate at the Lea County Correctional Facility, has filed two *pro se* § 2254 petitions challenging two separate state criminal convictions. In the present case, Petitioner challenges his state court convictions for two counts of criminal sexual penetration in New Mexico's Thirteenth Judicial District Court (*State v. Fierro*, D-1329-CR-2008-00611) (the "Thirteenth Judicial Convictions").[1] Petitioner was convicted in 2010 following a bench trial in Sandoval County, New Mexico, and sentenced to nine years of imprisonment. (Doc. 1-1 at 15-17). Petitioner seeks relief from the

---

[1] The Court will take judicial notice of the state court criminal dockets in *State v. Fierro*, D-1329-CR-2008-00611, and *State v. Fierro*, D-202-CR-2004-02692, which are available through the State of New Mexico's Secured Odyssey Public Access (SOPA) system . *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

Thirteenth Judicial Convictions based on speedy trial violations, lack of jurisdiction, and insufficient evidence. (Doc. 1 at 1-14).

In his other pending § 2254 proceeding (17-CV-738-JCH-KBM), Petitioner challenges his state court convictions for 28 counts of criminal sexual penetration and two counts of bribery of a witness in New Mexico's Second Judicial District Court (*State v. Fierro*, D-202-CR-2004-02692) (the "Second Judicial Convictions"). Petitioner was convicted in 2009 following a jury trial in Bernalillo County, New Mexico and sentenced to 198 years of imprisonment. *See* (Doc. 1 in 17-CV-738). Petitioner seeks relief under § 2254 based on speedy trial violations, denial of the right to self-representation, actual innocence, evidentiary issues, double jeopardy, and ineffective assistance of counsel. *Id.*

Petitioner contends that the two § 2254 proceedings should be consolidated because "there has been a big mix up with the Court filing." (Doc. 17 at 1). According to Petitioner, documents filed in the present case were supposed to be filed in his other case. *Id.* Petitioner asks the Court for a joinder of the two cases because they "both involve the same victim and some of the same information." (Doc. 17 at 2).

Consolidation of actions is governed by Fed. R. Civ. P. 42(a). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Whether to consolidate actions is discretionary. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Relevant considerations include whether consolidation would promote convenience, expedition, and economy while affording justice to the parties. *Id.; Servants of the Paraclete v. Great American Insurance Co.,* 866 F. Supp. 1560, 1572 (D.N.M. 1994).

Petitioner's habeas proceedings do not involve common questions of law or fact. He challenges separate criminal convictions, the cases were tried in separate counties, and the petitions raise different grounds for habeas relief. The Court also has carefully reviewed the docket entries in both cases, and it does not appear that any documents have been filed in the wrong proceeding. Petitioner labeled each document with the relevant case number, and the arguments and requests for relief in each motion appear to pertain to the correct § 2254 petition. Therefore, no grounds exist for consolidation.

**IT IS THEREFORE ORDERED** that Petitioner's *Motion for a Join[d]er for Writ of Habeas Corpus*, (Doc. 17), is **DENIED.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE