IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC FIERRO,

       Petitioner,

                                                                    No. CV 17-832 KG/CG

v.

R.C. SMITH, et al.,

       Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Eric Fierro's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Motion"), (Doc. 1), filed August 11, 2017; Respondents' *Answer to* Pro Se *Petitioner Eric Fierro's Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* (the "Response"), (Doc. 19), filed November 16, 2017; and Petitioner's *Response to State Response for United States District Court Writ of Habeas Corpus* (the "Reply"), (Doc. 21), filed November 27, 2017. United States District Judge Kenneth J. Gonzales referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 22).

The Court has reviewed the Motion, the Response, the Reply, and the relevant law. The Court has also reviewed Petitioner's various other motions asking for assorted relief. After considering the parties' filings, the record, and the relevant law, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED**, that Petitioner's other pending motions be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

    **I.**        **Background**

This case arises from Petitioner's conviction for criminal sexual penetration ("CSP") in the second degree in Sandoval County, New Mexico. On July 8, 2004, Petitioner was indicted for several counts of CSP in New Mexico's Second Judicial District in Bernalillo County, New Mexico. On June 7, 2007, nearly three years later, Petitioner moved to dismiss one count for improper venue, arguing the count allegedly occurred in Sandoval County, rather than Bernalillo County. The prosecution agreed and the charge was dismissed without prejudice so that it could be refiled.

On December 4, 2008, Petitioner was indicted in the Thirteenth Judicial District, in Sandoval County, for six counts of CSP. (Doc. 19-1 at 4-7). The district court dismissed five of the counts as duplicative of those remaining in Bernalillo County, leaving one count charging Petitioner with CSP in the second degree. On January 7, 2009, Petitioner was convicted in Bernalillo County, and on December 1, 2010, Petitioner was convicted in Sandoval County. (Doc. 19-1 at 1-3; Doc. 19-2 at 92-96).

Petitioner appealed both judgments. *State v. Fierro*, 2012-NMCA-054, 278 P.3d 541 (appealing Bernalillo County convictions); *State v. Fierro*, 2014-NMCA-004, 315 P.3d 319 (appealing Sandoval County conviction). Petitioner challenged his Sandoval County conviction arguing that: he was denied his right to a speedy trial, the pretrial delay denied him due process, the district court lacked jurisdiction over him, the indictment should have been quashed, and insufficient evidence supported his conviction. *Fierro*, 2014-NMCA-004, ¶ 1. The New Mexico Court of Appeals ("NMCOA") affirmed on all grounds, *id.* ¶ 41, and the New Mexico Supreme Court denied Petitioner's petition for a writ of certiorari, (Doc. 19-4 at 44).

Petitioner then filed a state petition for a writ of habeas corpus, seeking to vacate, set aside, or correct his sentence. (Doc. 19-4 at 47). Petitioner argued his conviction in Sandoval County constituted double jeopardy, that he was denied effective assistance of counsel, and that he was denied a fair trial due to prosecutorial misconduct. *Id.* at 47-48; 53-66. The state district court summarily dismissed the petition on April 5, 2016. *Id.* at 105. Petitioner again applied for a writ of certiorari from the New Mexico Supreme Court. (Doc. 19-5 at 1-4). The court denied Petitioner's request July 18, 2017, without an opinion. (Doc. 19-5 at 72).

Petitioner has now timely filed his Motion asking to vacate, set aside, or correct his conviction for CSP in the second degree in Sandoval County. Similar to his direct appeal, Petitioner argues he was denied his right to a speedy trial, that the district court lacked jurisdiction over him, that his indictment should have been quashed, and that his conviction was not supported by sufficient evidence. (Doc. 1 at 5-10, 18-31). Petitioner asserts that he exhausted these theories in state court, either through direct appeal or through his state habeas corpus petition. (Doc. 1 at 6-12).

Respondents counter that Petitioner is not entitled to relief under any of his arguments. Respondent argues broadly that Petitioner cannot show that his conviction is contrary to or an unreasonable application of federal law or that it results in an unreasonable determination of the facts in his case. (Doc. 19 at 1). In particular, Respondent first contends that Petitioner's speedy trial rights were not violated because he was the reason for most of the delay before he was tried. *Id.* at 10-12. Second, Respondent argues that Petitioner did not exhaust his jurisdictional argument, but that the Court should resolve the issue against Petitioner on the merits. *Id.* at 5. Third,

Respondent claims Petitioner's indictment should not have been quashed and that he received appropriate relief below. *Id.* at 13-14. Finally, Respondent argues that the evidence was sufficient to convict Petitioner, and he cannot show the findings of fact were unreasonable. *Id.* at 15-17.

In his Reply, Petitioner first states that he was allowed to file *pro se* motions before trial and that the motions were necessary. (Doc. 21 at 1-2). Further, Petitioner insists that the time of delay for speedy trial analysis began when he was first arrested, rather than when he was indicted. *Id.* at 2. Petitioner also maintains he exhausted the lack of jurisdiction argument. *Id.* at 3-4. Regarding quashing the indictment, Petitioner argues that the state was required to file the charge under an information rather than a second indictment. *Id.* at 4. As for sufficiency of the evidence, Petitioner argues that his victim's testimony was inconsistent and could not support his conviction. *Id.* at 5.

**II.     Analysis**

*A. Governing Law and Standards of Review*

Under 28 U.S.C. § 2254, a person in state custody may petition a federal court for relief on the ground that he is in custody in violation of the United States Constitution or laws. § 2254(a). A petition under § 2254 may not be granted unless the state court judgment: (1) resulted in a decision contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. §§ 2254(d)(1)-2). Factual findings are presumed correct, and the petitioner must rebut that presumption by clear and convincing evidence. § 2254(e)(1).

A state court decision is "contrary to" clearly established law if it "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision and "nevertheless arrives at a result different from" the Supreme Court decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Similarly, a state court decision constitutes an "unreasonable application" of federal law when a state "unreasonably applies" Supreme Court precedent "to the facts of a prisoner's case." *Id.* at 409. The state court decision must be more than incorrect or erroneous. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and quotation omitted). "Rather, the application must be 'objectively unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409). This imposes a "highly deferential standard of review," and state court decisions must be given the benefit of the doubt. *Id.* (citation and quotation omitted).

The Court may not grant a § 2254 petition unless the petitioner has "exhausted remedies available in the courts of the State." § 2254(b)(1)(A). A petitioner has not exhausted available remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust a claim, the "federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Anderson v. Harless*, 459 U.S. 4 (1982). "Fair presentation" means "that the substance of the claim must be raised in state court." *Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009), *abrogated on other grounds by Simpson v. State*, 230 P.3d 888 (Okla. Crim. App. 2010). Both the "allegations and supporting evidence must offer the state courts 'a fair opportunity to apply controlling legal principles to the facts bearing upon [a] constitutional claim.'" *Id.* (quoting *Anderson*,

5

459 U.S. at 6). This means both claims and arguments must be presented in state court. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

A petitioner need only present a claim once, either through direct appeal or collateral review. *See Brown v. Allen*, 344 U.S. 443, 447 (1953) (stating it "is not necessary . . . for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review."); *Dever v. Kan. State Penitentiary*, 288 F.3d 1231, 1235-36 (10th Cir. 2002) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). However, a petitioner must have exhausted all claims in the § 2554 motion. *Rose v. Lundy*, 455 U.S. 509, 513-22 (1982); *see Rhines v. Weber*, 544 U.S. 269, 274-276 (2005) (discussing how § 2254 "preserved *Lundy*'s total exhaustion requirement").

If a petitioner has not exhausted all claims in his § 2254 petition, the petition is "mixed" and the Court may: (1) dismiss the entire petition without prejudice; (2) stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims; (3) allow the petitioner to dismiss the unexhausted claims and move forward only with the exhausted claims; or (4) ignore the exhaustion requirement and deny the petition on the merits if none of the claims are meritorious. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). If the Court denies the petition, it must do so entirely either with or without prejudice; the Court cannot dismiss some claims with prejudice and others without prejudice. *See Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (stating "individual, unexhausted claims may be denied, but only if the result allows the court to determine

the entire petition on the merits"); *Hinzo v. Tapia*, 378 Fed. Appx. 857, 858-59 (10th Cir. 2010) (unpublished) (reversing district court that dismissed some claims with prejudice and others without prejudice).

### B. *Prior State Court Decisions*

In this case, Respondent concedes that Petitioner exhausted three of his four claims on direct appeal. (Doc. 19 at 4, 6). However, Respondent denies that Petitioner exhausted his lack of jurisdiction argument because he argued different grounds before the two state courts *Id.* at 5. In his Reply, Petitioner did not address whether or not he exhausted all of his claims. The Court will therefore review the underlying decisions in this case to determine both whether Petitioner exhausted all claims and whether the decisions violate § 2254(d).

#### 1. *Trial Court's Findings of Fact and Conclusions of Law*

On December 1, 2010, the Thirteenth Judicial District Court in Sandoval County, New Mexico, issued brief findings and fact and conclusions of law following a bench trial. (Doc. 19-2 at 92-93). First, the court found the victim testified she had sexual intercourse with Petitioner while under threat of harm to herself and her family. *Id.* at 92. The court found the victim was 14 years old when this occurred, that it occurred in Sandoval County, New Mexico, and that the victim gave birth to a child approximately nine months after the incident. *Id.* The court further found that Petitioner was victim's stepfather and that he exercised undue influence over her in inducing her to have intercourse with him. *Id.* DNA samples were taken from the child, victim, and Petitioner, and DNA analysis concluded there was a 99.99% chance Petitioner was the father of the victim's child. *Id.* at 92-93.

Given these factual findings, the court concluded beyond a reasonable doubt that Petitioner was guilty of CSP in the second degree under two alternative theories: CSP resulting in personal injury, to wit, pregnancy, in violation of NMSA 1978, § 30-9-11(D)(3) (2003, amended 2009), *id.* at 93; and CSP of a person between thirteen and sixteen years old by a person in position of authority, in violation of Section 30-9-11(D)(1), *id.* Petitioner was sentenced to nine years for each count, to run concurrently with each other and consecutively to his sentence based on the Bernalillo County convictions. *Id.* at 94-95.

### 2. Direct Appeal

Petitioner appealed his conviction on five grounds: first, that he was denied his right to a speedy trial; second, that the delay between his arrest and trial denied him due process; third, that the district court in Sandoval County lacked jurisdiction after Petitioner was first indicted in Bernalillo County; fourth, that the indictment should have been quashed after the grand jury heard impermissible evidence; and finally that insufficient evidence supported his conviction. *Fierro*, 2014-NMCA-004, ¶ 1.

#### a. Speedy Trial Claim

First, the court analyzed Petitioner's speedy trial claim. The court acknowledged that its analysis was governed by the four-factor test announced in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *Id.*, ¶ 6. The four factors are: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. *Id.* Under the first factor, the NMCOA held that because the state did not act in bad faith or forum shop, the delay should be measured from when Petitioner was indicted the second time. *Id.*, ¶ 13. Measuring from that date, Petitioner suffered a

twenty-three month delay. *Id.* Although Petitioner argued the time should have been measured from when he was first arrested and charged in Bernalillo County, the NMCOA declined to do so because the Sandoval County charges were dismissed on Petitioner's motion. *Id.*, ¶ 12. Still, the court found this factor weighed slightly in Petitioner's favor because the delay was presumptively unreasonable. *Id.*

The court next found that Petitioner caused most of the delay by filing numerous motions, including many motions filed *pro se* despite the fact Petitioner was represented by counsel. *Id.*, ¶ 17. The state requested extensions of time prior to trial, but two of the requests were made to address Petitioner's pretrial dispositive motions. *Id.* Accordingly, because the state did not intentionally delay trial, this factor did not weigh in Petitioner's favor. *Id.*, ¶ 18.

Under the third factor, the NMCOA determined Petitioner's assertion of his right to a speedy trial weighed only slightly in his favor. *Id.*, ¶ 19. Petitioner "timely and frequently asserted his right to a speedy trial," but he "coupled" those assertions with numerous motions, "which served to slow the proceedings." *Id.*, ¶ 20. The court found it inconsistent to call for a speedy trial while also filing motions and requesting pretrial hearings. *Id.*

Finally, the court discussed whether Petitioner suffered prejudice. Petitioner was required to show particular prejudice, such as oppressive pretrial incarceration, unusual anxiety or concern, or damage to his defense. *Id.*, ¶¶ 21-24 (citing *State v. Garza*, 2009-NMSC-038, ¶¶ 35-39, 146 N.M. 499, 212 P.3d 387). Although he claimed that he suffered unusual anxiety and concern, Petitioner did not substantiate these claims. *Id.*, ¶ 24. Petitioner also asserted his defense was impaired because one of his witnesses

9

would have testified that the victim and her mother fabricated the charges against Petitioner, but the witness died before trial. *Id.*, ¶ 21; *see generally State v. Fierro*, 2012-NMCA-054, ¶¶ 59-60, 278 P.3d 541. Despite this charge, Petitioner "provided no other evidence about this witnesses' potential testimony." *Id.*, ¶ 25; *see Fierro*, 2012-NMCA-054, ¶ 60 (affirming district court finding that witness's potential testimony was "wholly speculative," and that despite its alleged importance, Petitioner made no effort to preserve the testimony). Accordingly, the court found Petitioner failed to demonstrate he was prejudiced and that his right to a speedy trial was not violated. *Id.*, ¶ 26.

### b. Pre-Indictment Delay

Petitioner's second argument was that he was subject to an unconstitutionally long pre-indictment delay. *Id.*, ¶ 27. In order to show a violation of his constitutional rights, Petitioner had to show that his defense was prejudiced and that the state intentionally caused the delay to gain a tactical advantage. *Id.* (quoting *State v. Palmer*, 1998-NMCA-052, ¶ 4, 125 N.M. 86, 957 P.2d 71). Here, as before, Petitioner did not show that his defense was prejudiced or that the state intentionally delayed trial. *Id.*, ¶ 28-29. Accordingly, the court concluded the pretrial delay did not infringe Petitioner's constitutional rights. *Id.*, ¶ 29.

### c. Whether the Sandoval County District Court had Jurisdiction

Petitioner next contended that the district court in Sandoval County lacked jurisdiction over him since he was first indicted in Bernalillo County. *Id.*, ¶ 30. Petitioner argued the state was required to "'follow through'" with trying Petitioner in Bernalillo County or lose jurisdiction. *Id.* The NMCOA disagreed. First, the court stated that jurisdiction lies when the trier of fact can infer from the evidence that the crime occurred

in New Mexico, and that a crime must be prosecuted in the jurisdiction where the crime occurred. *Id.*, ¶ 31. The court then recited evidence showing Petitioner committed the crime in Sandoval County. *Id.* Moreover, though, the court reiterated that Petitioner moved to dismiss the Sandoval County charge because venue was improper in Bernalillo County, and that he could not change venue and then complain of a lack of jurisdiction. *Id.*, ¶ 32.

### d. *Whether Petitioner's Indictment should have been quashed*

Next, Petitioner argued the indictment should have been quashed because the grand jury heard inadmissible evidence. *Id.*, ¶ 33. Specifically, the state provided the grand jury with Petitioner's confession, which was obtained prior to informing him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Id.*, ¶ 34. The NMCOA held that the proper remedy in such a circumstance is suppression of the evidence at trial. *Id.*; *see United States v. Blue*, 384 U.S. 251, 255 (1966). Because the district court suppressed Petitioner's pre-*Miranda* confession, the NMCOA held that quashing the indictment was unnecessary. *Id.*

### e. *Whether Sufficient Evidence Supported Petitioner's Conviction*

Finally, Petitioner challenged the sufficiency of the evidence supporting his conviction. The court noted that Petitioner was charged with CSP in the second degree on two alternative theories: first, CSP through the use of force or coercion resulting in personal injury, to wit pregnancy; and second, CSP of a victim between thirteen and sixteen years old by a person in a position of authority. *Id.*, ¶ 36; (Doc. 19-1 at 4-5). The court listed the elements necessary to prove each of the charges. *Fierro*, 2014-NMCA-004, ¶ 36.

The court then recited the evidence before the district court, in particular the victim's testimony that Petitioner, her stepfather, impregnated her when was fourteen years old; that he stated he would kill her, her family, and himself if she told anyone; and that she felt compelled to have sex with Petitioner because he was her stepfather and in a position of authority over her. *Id.*, ¶ 37. The victim gave birth to a child in July 2000. *Id.* A DNA analyst obtained samples from Petitioner, the victim, and the resulting child, and concluded there was at least a 99.9% chance Petitioner fathered his victim's daughter. *Id.*, ¶ 38.

On review, the NMCOA considered the above evidence sufficient to convict Petitioner under either theory. *Id.*, ¶ 39. The victim's testimony showed that Petitioner threatened to kill her and her family in order to coerce her into sex, proving the elements of the first theory. *Id.* Likewise, the DNA evidence proved beyond a reasonable doubt that Petitioner, who was in a position of authority over the victim as her stepfather, fathered victim's child, providing sufficient evidence for the second theory. *Id.* Although Petitioner argued that the evidence was presented after a long delay and his victim's testimony was unreliable, the NMCOA emphasized that the fact-finder must reconcile conflicts in the evidence and determine credibility. *Id.*, ¶ 40. The court therefore affirmed Petitioner's conviction. *Id.*, ¶ 41. On Petitioner's application, the New Mexico Supreme Court denied a writ of certiorari. *State v. Fierro*, 321 P.3d 127 (Dec. 13, 2013) (unpublished); (Doc. 19-4 at 44).

### 3. *State Petition for Writ of Habeas Corpus*

After the New Mexico Supreme Court denied a writ of certiorari, Petitioner filed a state petition for a writ of habeas corpus. (Doc. 19-4 at 47-66). Petitioner raised three

grounds for relief: his rights against double jeopardy were violated by his convictions in Bernalillo County and Sandoval County; he received ineffective assistance of counsel; and he was denied a fair trial due to prosecutorial misconduct. *Id.* at 47-48. On April 5, 2016, Petitioner's state petition was summarily dismissed. *Id.* at 105. Petitioner again petitioned the New Mexico Supreme Court for a writ of certiorari. (Doc. 19-5 at 1-4). After ordering a response on the double jeopardy issue, *id.* at 91-92, the court again denied Petitioner's petition for a writ of certiorari without an opinion.

### C. *Whether Petitioner exhausted the issues in the Motion*

As discussed, Petitioner must have exhausted all grounds raised in the Motion. In this case, Petitioner alleges that he was not afforded a speedy trial, that the Sandoval County district court lacked jurisdiction because the second indictment caused a denial of Petitioner's speedy trial rights, that the indictment should have been quashed because the grand jury heard his pre-*Miranda* confession, and that his conviction was not supported by sufficient evidence. (Doc. 1 at 5-10). Three of these claims mirror the claims Petitioner argued on appeal: speedy trial; that the indictment should have been quashed for impermissible evidence; and insufficient evidence to support the conviction. *Fierro*, 2014-NMCA-004, ¶¶ 6-26, 30-40. Regarding jurisdiction, Petitioner previously argued that the state forfeited jurisdiction in Sandoval County after indicting him in Bernalillo County. *Id.*, ¶ 30-31. This argument is different than the one Petitioner raises in the Motion, which is that the second indictment resulted in an unnecessary delay and violation of Petitioner's speedy trial rights. (Doc. 1 at 7). Because Petitioner raises a different argument than he raised before, he has not exhausted this issue. *See Smallwood*, 191 F.3d at 1267. Still, Respondent asks the Court to deny the Motion in its

13

entirety on the merits, which the Court may do. *Fairchild*, 579 F.3d at 1156. The Court will therefore consider the merits of each of Petitioner's claims.

### D. Whether the State Courts' Decisions Violate § 2254(d)

#### 1. Speedy Trial Claim

Whether a defendant's right to a speedy trial has been violated depends on the four-factor balancing test announced in *Barker*, 407 U.S. at 530-33. As the NMCOA recognized, the four factors are: the length of the delay; the reason for the delay; the defendant's assertion of the right; and prejudice to the defendant. *Id.* at 530. The Supreme Court explained that the length of delay is a trigger: without a presumptively prejudicial delay, there's no reason to analyze the other factors. *Id.* at 530-31. Regarding the reason for the delay, a deliberate attempt to delay as a tactical advantage weighs heavily against the government, while delay attributable to the defendant weighs against him. *Id.* at 529, 531. A defendant bears the responsibility of asserting his right to a speedy trial, and failure to do so is strong evidence against finding denial of the right. *Id.* at 531-32. As for prejudice, the Supreme Court wrote that a defendant's inability "to prepare his case skews the fairness of the entire system." *Id.* "If witnesses die or disappear during delay, the prejudice is obvious." *Id.*

In this case, the NMCOA accurately described and analyzed these factors before deciding they weighed slightly in Petitioner's favor, but that Petitioner's claim failed because he showed no concrete prejudice. *Fierro*, 2014-NMCA-004, ¶ 26. The court acknowledged that defendants do not always need to show particular prejudice, but that in Petitioner's case the factors did not weigh heavily in his favor. *Id.* While Petitioner insists that the factors weigh more heavily in his favor than Respondent admits, (Doc.

21 at 3), Petitioner has not shown that the NMCOA's weighing of the factors was contrary to or an unreasonable application of federal law as announced by the Supreme Court. *See* § 2254(d)(1).

Although the Supreme Court stated that if a witness dies the prejudice is "obvious," *Barker*, 407 U.S. at 532, the NMCOA found that Petitioner suffered no prejudice even though a potential witness died. *Fierro*, 2014-NMCA-004, ¶ 25. The NMCOA reasoned that because Petitioner failed to produce evidence that the witness would have testified in Petitioner's favor, Petitioner was not prejudiced. *Id.*; *see Fierro*, 2012-NMCA-054, ¶ 60 (finding potential witness' testimony "wholly speculative"). New Mexico law states that defendants must "make a particularized showing of prejudice that resulted from the asserted loss of a witness." *Id.* (citing *State v. Coffin*, 1999-NMSC-038, ¶ 71, 128 N.M. 192, 991 P.2d 477). Federal courts have also required defendants to provide evidence of a witness' testimony and take steps to preserve that testimony. *See Jackson v. Ray*, 390 F.3d 1254, 1264-65 (10th Cir. 2004) (denying a *per se* rule that a witness' death impairs defense); *United States v. Harris*, 566 F.3d 422, 433 (5th Cir. 2009). The Court therefore does not believe the NMCOA's finding was contrary to or an unreasonable application of *Barker*. The Court therefore finds that the NMCOA's speedy trial analysis did not violate § 2254(d)(1).

### 2. <u>Jurisdictional Argument</u>

Second, Petitioner argues that his trial and conviction violated his due process rights because the Sandoval County district court did not have jurisdiction over him. (Doc. 1 at 7). Petitioner contends the Sandoval County district court lacked jurisdiction

because the dismissal in Bernalillo County and refiling in Sandoval County resulted in unnecessary delay and a denial of his right to a speedy trial. *Id.*

First, to the extent Petitioner argues that the Sandoval County district court lacked jurisdiction under New Mexico law, that claim rests on state law rather than federal law. In particular, Petitioner argues the state was required to charge him through an information, rather than an indictment, under New Mexico procedural rules. (Doc. 21 at 4). However, review under § 2254 is limited to errors related to federal law. § 2254(d)(1) (stating a writ of habeas corpus may not be issued unless a state court decision unless it was "contrary to, or involved an unreasonable application of, clearly established federal law"); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Accordingly, the Court may not consider this argument.

Second, to the extent Petitioner argues that the delay he suffered, by itself, constituted a violation of his right to a speedy trial, Petitioner's argument conflicts with Supreme Court precedent. In *Barker*, the Supreme Court clarified that none of the four factors by themselves were enough to find denial of the right to a speedy trial. *Barker*, 407 U.S. at 533 ("We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial."). Courts must still weigh and balance the other factors. *Id.* ("In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."). This means that even if Petitioner suffered extreme delay, that would not necessarily mean Petitioner's speedy trial rights were violated. *Doggett v. United States*, 505 U.S. 647, 655-56 (1992) (stating "presumptive prejudice" caused by

delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria.").

### 3. *Whether the Indictment Should Have Been Quashed*

Liberally construed,[1] Petitioner argues that the state courts' refusal to quash the Sandoval County indictment violated his due process rights. As part of Petitioner's indictment, the grand jury heard Petitioner's pre-*Miranda* confession, which would have been inadmissible at trial. Petitioner sought to dismiss the indictment on these grounds, but the district court declined and instead suppressed the confession at trial; the court of appeals affirmed. *Fierro*, 2014-NMCA-004, ¶¶ 33-34. These decisions accord with Supreme Court precedent, which states that an indictment that is valid on its face should not be dismissed, even if it obtained using that information that violates a defendant's right against self-incrimination. *See, e.g.*, *United States v. Calandra*, 414 U.S. 338, 345 (1974) (stating a valid indictment is not subject to challenge on the grounds it was obtained using information obtained in violation of a defendant's Fifth Amendment right against self-incrimination); *Holt v. United States*, 218 U.S. 245, 247-48 (1910) (holding same). The state courts' decisions are therefore not contrary to or an unreasonable application of federal law, and Petitioner is not entitled to relief under this theory.

### 4. *Sufficiency of the Evidence*

Finally, Petitioner challenges the sufficiency of the evidence supporting his conviction. The United States Constitution guarantees that a person may only be convicted of a crime if there is sufficient proof to support the conviction. *Jackson v.*

---

[1] Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings, though the Court may not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Virginia*, 443 U.S. 307, 316 (1979). Sufficient proof is the evidence necessary to convince any rational trier of fact beyond a reasonable doubt of the existence of every element of the offense. *Williams v. Illinois*, 567 U.S. 50, 76 n.8 (2012) (citing *Jackson*, 443 U.S. at 316). In other words, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).

The NMCOA accurately identified and applied these standards. *Fierro*, 2014-NMCA-004, ¶¶ 35-40. Although Petitioner disputes that the evidence was enough to convict him, he does not argue that the state courts' decisions were the result of an unreasonable application of federal law. Petitioner insists that the victim was not a reliable witness, (Doc. 21 at 5), but, on appeal, courts must view the evidence in the light most favorable to upholding the verdict. *Jackson*, 443 U.S. at 319.

Further, Petitioner has not provided clear and convincing evidence that the state court's decision was incorrect, or that its determination of facts was unreasonable, as required by § 2254. In particular, the DNA analyst testified there was a 99.99% chance Petitioner fathered the victim's child. *Fierro*, 2014-NMCA-004, ¶ 38. So, even assuming the victim was not a credible witness, there was still convincing evidence to support the conclusion that Petitioner committed CSP. Given this evidence, it was not unreasonable for the state courts to find Petitioner committed CSP and affirm Petitioner's convictions.

### E. Petitioner's Assorted Motions

In addition to the Motion, Petitioner has filed numerous other motions asking for assorted relief. First, in his *Motion for Interlocutory Appeal for Motion for Enlargement of*

*Time and For Denial of Motion to Compel Brief in Chief or Opinion for Writ of Certiorari*, (Doc. 6), Petitioner protests the New Mexico Supreme Court's denial of his petition for a writ of certiorari without an opinion. (Doc. 6 at 1-2). Petitioner asks that the Court compel the New Mexico Supreme Court to explain why they denied his petition. *Id.* at 3. The Court lacks authority to grant Petitioner's requested relief, therefore this motion should be denied.

Second, in his *Motion of Objection to Time Extension and Motion for Default Judgement*, (Doc. 10), Petitioner objects to Respondents' request for an extension of time to answer the Motion and moves for default judgment. (Doc. 10 at 2). Because the Court granted the extension of time, (Doc. 9), and Respondents have answered the Petition, (Doc. 19), this motion should also be denied.

Third, in the *Motion Requesting Appointment of Counsel and Motion for Stay of Proceedings, and Motion to Show Cause for Requested Relief*, (Doc. 11), Petitioner asks for appointment of counsel, a stay of proceedings for his attorney to review the Motion, and to allow appointed counsel to amend the Motion. (Doc. 11 at 3). Petitioner has ably filed and argued the Motion and has not established good cause for an open-ended stay to add claims to the Motion, therefore this motion should be denied.

Finally, in the *Motion to Show Cause*, (Doc. 15), Petitioner asks the Court to take judicial notice of the issue of Petitioner's denial of his right to a speedy trial, and in Petitioner's *Motion to Amend Petitioner's Writ of Habeas Corpus*, (Doc. 16), he moves to amend the Motion to add a claim of denial of his right to a speedy trial. Because Petitioner raised his speedy trial claim in the Motion, and these motions do not add to or clarify his arguments, they should both be denied.

### III. Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that the state courts' decisions are contrary to or an unreasonable application of federal law or that they result in an unreasonable factual determination. Additionally, Petitioner's various motions should be denied. The Court therefore recommends that Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), *Motion for Interlocutory Appeal for Motion for Enlargement of Time and For Denial of Motion to Compel Brief and Chief or Opinion for Writ of Certiorari*, (Doc. 6), *Motion of Objection to Time Extension and Motion for Default Judgment*, (Doc. 10), *Motion Requesting Appointment of Counsel and Motion for a Stay of Proceedings, and Motion to Show Cause for Requested Relief*, (Doc. 11), *Motion to Show Cause*, (Doc. 15), *Motion to Amend Petitioner's Writ of Habeas Corpus*, (Doc. 16), all be **DENIED**. The Court also recommends a Certificate of Appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE