IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC FIERRO,

        Petitioner,

                                                                No. CV 17-832 KG/CG

v.

R.C. SMITH, et al.,

        Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Chief United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 24), filed December 18, 2017; Petitioner Eric Fierro's *Motion for Abeyance, Extension and Remand Back to the District Court's of Both Bernalillo and Sandoval County's to Amend and Exhaust All State Remedy's* (the "Motion to Stay"), (Doc. 27), and *Pro Se Motion of Objection's to Magistrate Court Ruleing (sic), with Declaration's and Motion in Support of Withdrawal and or Removal of Any and All Prior Petition's Motion's or Document's Now Priorly (sic) Submitted to the U.S. District Court of New Mexico* (the "Objections"), (Doc. 28), both filed January 2, 2018; Petitioner's *Pro Se Motion Pursuant to Federal Rules of Civil Procedure 60(b) at 1* (the "Rule 60(b) Motion"), (Doc. 29), filed January 5, 2018; and Respondents' *Response in Opposition to* Pro Se *Petitioner Eric Fierro's* Motion for Abeyance, Extension, & Remand Back to the District Court's of Both Bernalillo & Sandoval County's to Amend & Exhaust All State Remedy's *[sic] [Doc. 27]* (the "Response"), (Doc. 30), filed January 16, 2018.

In the PFRD, the Chief Magistrate Judge recommended denying Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the

"Petition"), (Doc. 1), because Petitioner is not entitled to relief under § 2254. (Doc. 24 at 20). The parties were notified that objections to the PFRD were due within fourteen days. *Id*. Petitioner timely objected to the PFRD and filed the accompanying Motion to Stay, and Respondent timely responded to the Motion to Stay. *See* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts; Fed. R. Civ. P. 72(B)(2). Following *de novo* review of the PFRD, Objections, Motion to Stay, Rule 60(b) Motion, and Response, the Court will overrule Petitioner's Objections, deny the Motion to Stay and Rule 60(b) Motion, adopt the PFRD, and dismiss the Petition with prejudice.

I.  Background

This case arises from Petitioner's trial and conviction for criminal sexual penetration ("CSP") in the second degree in Sandoval County, New Mexico, and related charges in Bernalillo County, New Mexico. On July 8, 2004, Petitioner was indicted for several counts of CSP in the Second Judicial District of New Mexico in Bernalillo County. Nearly three years later, on June 7, 2007, Petitioner moved to dismiss one of the counts for improper venue, arguing the count allegedly occurred in adjacent Sandoval County. The prosecution agreed and dismissed the count without prejudice.

On December 4, 2008, Petitioner was indicted in the Thirteenth Judicial District, in Sandoval County, for six counts of CSP. (Doc. 19-1 at 4-7). The district court dismissed five of the counts because they were identical to the ones remaining in Bernalillo County, leaving the one previously dismissed count charging Petitioner with CSP in the second degree. On January 7, 2009, Petitioner was convicted in Bernalillo County, and on December 1, 2010, Petitioner was convicted in Sandoval County. (Doc. 19-1 at 1-3; Doc. 19-2 at 92-96).

Petitioner appealed both judgments. *See State v. Fierro*, 2012-NMCA-054, 278 P.3d 541 (appealing Bernalillo County convictions); *State v. Fierro*, 2014-NMCA-004, 315 P.3d 319 (appealing Sandoval County conviction). Pertinent to the Petition, Petitioner challenged his Sandoval County conviction arguing that: (1) he was denied his right to a speedy trial; (2) the pretrial delay denied him due process; (3) the district court lacked jurisdiction over him; (4) the Sandoval County indictment should have been quashed; and (5) insufficient evidence supported his conviction. *Fierro*, 2014-NMCA-004, ¶ 1. The New Mexico Court of Appeals affirmed on all grounds, *id*. ¶ 41, and the New Mexico Supreme Court denied Petitioner's petition for a writ of certiorari. (Doc. 19-4 at 44).

Petitioner then filed a state petition for a writ of habeas corpus, seeking to vacate, set aside, or correct his sentence. (Doc. 19-4 at 47). This time, Petitioner argued that: (1) his conviction in Sandoval County constituted double jeopardy; (2) he was denied effective assistance of counsel; and (3) he was denied a fair trial due to prosecutorial misconduct. *Id*. at 47-48; 53-66. The state district court dismissed the petition without a hearing on April 5, 2016. *Id*. at 105. Petitioner again applied for a writ of certiorari from the New Mexico Supreme Court. (Doc. 19-5 at 1-4). The court denied Petitioner's request July 18, 2017, without an opinion. (Doc. 19-5 at 72).

Petitioner then timely filed his Petition pursuant to § 2254 asking to vacate, set aside, or correct his conviction for CSP in the second degree in Sandoval County. Similar to his direct appeal, Petitioner argues: (1) he was denied his right to a speedy trial; (2) the district court lacked jurisdiction over him; (3) his indictment should have been quashed; and (4) his conviction was not supported by sufficient evidence. (Doc. 1 at 5-10, 18-31). Petitioner asserts that he

3

exhausted these claims in state court, either through direct appeal or through his state habeas corpus petition. (Doc. 1 at 6-12).

In the PFRD, the Chief Magistrate Judge first found that Petitioner had not exhausted all the claims in his Petition. Exhaustion under § 2254 requires that every claim and every argument supporting that claim be presented to a state court. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Although Petitioner claimed that the Sandoval County district court lacked jurisdiction over him on appeal and in the Petition, Petitioner changed his argument from a procedural state-law argument to a substantive federal-law argument, making that claim unexhausted. (Doc. 24 at 13). Nonetheless, Respondents urged the Court to evaluate the merits of Petitioner's claims. The Chief Magistrate Judge did so and recommended denying the Petition entirely, along with the miscellaneous motions Petitioner filed. *Id*. at 14-20.

Petitioner responded by filing the Objections and the Motion to Stay. Liberally construed,[1] both ask the Court to allow plaintiff to withdraw his Petition without prejudice or stay this case until Petitioner exhausts his unexhausted claim. (Doc. 28 at 1; Doc. 27 at 1-3). Petitioner also states he plans to file seventeen other claims of constitutional rights violations. (Doc. 28 at 12-13, 17-41). These claims consist of various case citations and statements that Petitioner's rights were violated. For instance, Petitioner claims his right to effective assistance of counsel was violated because of budgetary crises the New Mexico Public Defender's Office faced. (Doc. 28 at 34-41). Finally, Petitioner asks for appointment of counsel to develop these claims. *Id*. at 3.

Petitioner's only objections to the PFRD are to the Chief Magistrate Judge's analysis of Petitioner's speedy trial claim and his claim that his indictment should have been quashed. First,

---

[1] Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings, though the Court may not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner asserts that any pretrial delay was not his fault. (Doc. 28 at 7-8). Second, Petitioner argues that because previously suppressed evidence was used to indict him, the indictment should have been quashed or a mistrial should have been declared. *Id*. at 9-11.

Respondents did not respond to Petitioner's Objections, but they did respond to the Motion to Stay. Respondents recognize the Court has the authority to equitably toll the Petition, but they argue Petitioner is not entitled to equitable tolling. (Doc. 30 at 2). Respondents also oppose Petitioner's request for counsel. *Id*. at 2-3.

Finally, Petitioner filed a Rule 60(b) Motion, asking for relief from judgment for "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1) (providing party may obtain relief from final judgment for "mistake, inadvertence, surprise, or excusable neglect"). Petitioner asserts excusable neglect for "filing violations" in this case and accuses Respondents, namely Warden R. C. Smith, of violating his right to access the court. (Doc. 29 at 1). Specifically, Petitioner states his right to access the court is being violated because he has a learning disability that Respondents are not accommodating. *Id*. at 3-4. Petitioner also states his right to the courts is being infringed because the only time he can perform legal research is the same time he is allowed to go outside and practice his religion. *Id*. at 5-6.

Most of the Rule 60(b) Motion describes actions related to a different case, *Granado v. LNU*, 16-cv-859-KG-SCY. Petitioner alleges that Respondents retaliated against another prisoner, Augustin Granado, preventing him and his proposed co-plaintiffs, including Petitioner, from prosecuting their case against Respondents. *Id*. at 6-7. Petitioner states that Mr. Granado's case was dismissed because of his failure to meet Court-imposed deadlines, which was caused by Respondents' interference, and he fears Respondents will do the same here. *Id*.

5

II. Analysis

   a. *Law Regarding Objections*

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In this case, Petitioner reiterated two of his arguments in the Petition as objections to the PFRD. First, Petitioner argues he was denied a speedy trial, stating no pretrial delay was attributable to him, and that any pretrial delay was the state's fault. (Doc. 28 at 7-8); *see* (Doc. 1 at 5). Second, Petitioner asserts the Sandoval County indictment should have been quashed, or a mistrial declared, because the grand jury that indicted Petitioner heard inadmissible evidence. (Doc. 28 at 9-11); *see* (Doc. 1 at 10).

   1. *Speedy Trial Claim*

As discussed, more than six years passed between Petitioner's original indictment in Bernalillo County and his conviction in Sandoval County. Petitioner was indicted in July 2004; he moved to dismiss the Sandoval County charge in June 2007; he was indicted in Sandoval County in December 2008; and he was convicted in December 2010. Petitioner appealed his conviction, arguing in part that he was denied his right to a speedy trial. (Doc. 19-2 at 98 to Doc. 19-3 at 93).

On appeal, the New Mexico Court of Appeals identified the four-prong test in *Barker v. Wingo*, 407 U.S. 514 (1972), as the standard for whether a speedy trial violation has occurred. *State v. Fierro*, 2014-NMCA-004, ¶ 6, 315 P.3d 319. The four prongs are: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right; and (4) the prejudice to the defendant. *Id*. Before analyzing the four prongs, though, the court considered whether the delay Petitioner suffered was presumptively prejudicial. *Id*. The court concluded that, whether measuring from when Petitioner was originally arrested or when he was indicted in Sandoval County, the delay was presumptively prejudicial. *Id*., ¶ 7.

The court next evaluated the four factors. In pertinent part, the court determined that Petitioner was the reason for most of the pretrial delay. *Id*., ¶ 17. Between February and

7

December 2009, Petitioner filed thirteen motions *pro se*, despite the fact he was represented by counsel. *Id*. Petitioner filed more than a dozen motions after that period as well. *Id*. Although the state moved for extensions of time prior to trial, two of the extensions were requested to respond to Petitioner's motions. *Id*. The court therefore concluded that Petitioner was largely the reason for the delay and that this factor did not weigh in his favor. *Id*. Petitioner argued that the delay was attributable to the state since the majority of the delay occurred while he awaited trial in Bernalillo County. *Id*., ¶ 15. However, because the state did not act in bad faith in dismissing and refiling the Sandoval County charge, the court measured the delay from when Petitioner was indicted in Sandoval County, and delay related to the Bernalillo County case was irrelevant. *Id*., ¶ 16.

On review, the Magistrate Judge recounted this analysis and found that it was not contrary to or an unreasonable application of clearly established federal law. (Doc. 24 at 14-15). The Magistrate Judge also found that the New Mexico Court of Appeals' decision was consistent with *Barker* and cases interpreting *Barker*. *Id*. at 15. The PFRD therefore found Petitioner is not entitled to relief under § 2254(d)(1) on this claim.

Petitioner now objects to the PFRD, stating he did not cause the pretrial delay he suffered. Liberally construed, Petitioner denies that his *pro se* motions in the district court delayed his case. (Doc. 28 at 7) ("So again and for posterity of the record where are these delays present, due to me exercising my 6th amendment right to self-defense."). Petitioner also claims that his motions were necessary because he was "virtually left" without defense counsel. *Id*.

Having reviewed the objections, the PFRD, and the underlying record, the Court finds no error in the Magistrate Judge's analysis. Under § 2254, the question is whether the state courts' decisions were contrary to or an unreasonable application of federal law. § 2254(d)(1). The

New Mexico Court of Appeals identified *Barker* as the appropriate federal law, and it was not contrary to or an unreasonable application of *Barker* to consider Petitioner's filings against him. In *Barker*, the Supreme Court stated a defendant may waive their right to a speedy trial if delays are attributable to him. *See Barker*, 407 U.S. 514, 528 ("We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine, the demand rule aside."). Thus, it was not contrary to or an unreasonable application of federal law to attribute pretrial delay to Petitioner and hold that his right to a speedy trial was not violated.

Petitioner reasons that he was forced to file pretrial motions because his counsel was deficient and his rights were allegedly being violated. (Doc. 28 at 7-8). Thus, any delay caused by those motions was really the state's fault, since they were violating his constitutional rights. To be clear, the Court does not intend to punish Petitioner for defending his constitutional rights. However, it was not unreasonable for the New Mexico Court of Appeals to find it was inconsistent for Petitioner to file approximately 25 pretrial motions for the district court to rule on, including motions to dismiss and for summary judgment, and also complain that the state did not try him quickly enough. Accordingly, the Court finds that Petitioner is not entitled to relief under § 2254 for his claim that he was denied his right to a speedy trial.

   2. *Whether the Indictment Should Have Been Quashed*

Petitioner's second objection relates to his claim that the Sandoval County indictment should have been quashed because the grand jury proceedings were tainted with inadmissible evidence. (Doc. 1 at 8). During a custodial detention, Petitioner confessed prior to being read his *Miranda* rights. *Id.*; *see Fierro*, 2014-NMCA-004, ¶ 33. Although the Bernalillo County district court suppressed the confession at trial, the state presented the confession to the Sandoval

9

County grand jury. *Id*. The Sandoval County district court also suppressed the confession at trial. *Fierro*, 2014-NMCA-004, ¶ 34. Still, Petitioner claims the indictment and conviction are "fruit of the poisonous tree," and that the indictment should have been quashed or a mistrial declared. (Doc. 28 at 5, 9-11).

Petitioner also raised this claim on direct appeal. The New Mexico Court of Appeals held that when inadmissible evidence is presented to a grand jury, the appropriate remedy is suppression of the evidence at trial. *Fierro*, 2014-NMCA-004, ¶ 33 (citing *State v. Elder*, 1985-NMCA-076, ¶ 9, 103 N.M. 211, 704 P.2d 465). Because the district court suppressed Petitioner's confession at trial, quashing the indictment was unnecessary. *Id.*, ¶ 34. As explained in the PFRD, this decision accords with Supreme Court precedent stating an indictment should not be quashed if it is obtained with inadmissible evidence. *See United States v. Calandra*, 414 U.S. 338, 334-45 (1974) ("Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted . . . on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination"); *United States v. Blue*, 384 U.S. 251, 255 (1966) ("Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether.").

Here again, the Court finds no error in the PFRD or the underlying state decisions. The PFRD rightfully concluded that the New Mexico courts' decisions align with Supreme Court precedent on this issue, and are therefore not contrary to or an unreasonable application of federal law under § 2254(d).

    b. <u>Whether to Stay the Petition and Hold it in Abeyance or Allow Petitioner to Withdraw the Petition without Prejudice</u>

In addition to objecting to the PFRD, Petitioner requests the Court either stay the Petition and hold it in abeyance or allow Petitioner to withdraw the Petition without prejudice so Petitioner can return to state court and exhaust his one unexhausted claim, as well as bring several new claims. (Doc. 28 at 1, 4, 12-13). As discussed, § 2254 requires complete exhaustion of all claims. *Rhines*, 544 U.S. at 273-75. This includes each argument made to support a claim. *Wilson*, 577 F.3d at 1294. The Chief Magistrate Judge found the Petition contained an unexhausted claim because Petitioner presented a different argument in the Petition than he made in state court. (Doc. 24 at 13-14). If a petition contains exhausted and unexhausted claims, it is "mixed," and the Court may: (1) dismiss the entire petition without prejudice; (2) stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims; (3) allow the petitioner to dismiss the unexhausted claims and move forward only with the exhausted claims; or (4) ignore the exhaustion requirement and deny the petition on the merits if none of the claims are meritorious. *Fairchild*, 579 F.3d at 1156.

Courts may stay a petition and hold it in abeyance only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication petitioner engaged in intentionally dilatory tactics." *Rhines*, 544 U.S. at 278. However, "stay and abeyance should be available only in limited circumstances." *Id*. at 277. "Good cause" for failure to exhaust includes confusion about whether a state petition would be timely, ineffective assistance of post-conviction counsel, or "any external objective factor that cannot fairly be attributable" to petitioner. *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (quotation omitted). The Tenth Circuit has held that a petitioner does not establish good cause by "merely list[ing] the new claims he wants to bring, without proffering a convincing reason for a stay or satisfying the other *Rhines* requirements." *Kincaid v. Bear*, 687 Fed. Appx. 676, 679

11

(10th Cir. 2017) (unpublished). Finally, a district court abuses its discretion if it grants a stay when the petitioner's claims are plainly meritless, even if the petitioner had good cause for failing to exhaust. *Rhines*, 544 U.S. at 277-78.

In this case, Petitioner's unexhausted claim is that the delay he suffered between the Bernalillo County indictment and Sandoval County indictment deprived the Sandoval County court of jurisdiction and denied Petitioner due process. (Doc. 1 at 7). The Chief Magistrate Judge considered this claim in the PFRD and found it meritless, and Petitioner did not object to that analysis. (Doc. 24 at 15-17). Thus, Petitioner's unexhausted claim is not potentially meritorious, and the Court would abuse its discretion by granting a stay to exhaust this claim.

Regarding Petitioner's potential new claims, Petitioner lists seventeen constitutional claims he wishes to bring in state court. (Doc. 28 at 12-13). Petitioner lists these claims and provides case and rule citations in support of them. *Id*. at 17-33. Petitioner states he has recently discovered these claims by reviewing the record. *Id*. at 38. ("The Plaintiff in reviewing records has now discovered all of this.").

Although Petitioner states his new claims are based on his recent review of the record, Petitioner does not give a reason why these claims were unavailable to him before. *See Carter v. Mitchell*, 829 F.3d 455 (6th Cir. 2016) (denying stay where a § 2254 petitioner raised new claims based on information he discovered in record). Here, as in *Kincaid*, Petitioner has listed the claims he wishes to bring, but he has not given "a convincing reason for a stay or satisf[ied] the other *Rhines* requirements." *Kincaid v. Bear*, 687 Fed. Appx. 676, 679 (10th Cir. 2017) (unpublished). Accordingly, the Court finds Petitioner has not established good cause to allow him to stay or withdraw the Petition.

Finally, Petitioner has waived the issues by raising them for the first time in his Objections to the PFRD. *Marshall*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031. Petitioner had an opportunity to further review the record and request a stay or withdrawal after Respondents filed their Response, which attached the record and argued the Petition was mixed. Instead, Petitioner argued the merits of the Petition and has requested a stay only after the Chief Magistrate Judge recommended denying the Petition. By waiting until after the PFRD was filed, Petitioner has waived his new arguments. *Garfinkle*, 261 F.3d at 1031 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). For the foregoing reasons, the Court will deny Petitioner's request to either stay the Petition or allow him to withdraw the Petition without prejudice.

    c.   *The Rule 60(b) Motion*

Finally, Petitioner filed a motion requesting relief from a final judgment or order for "excusable neglect" under Fed. R. Civ. P. 60(b)(1). (Doc. 29). Petitioner claims he is being denied access to the court because Respondents: have not accommodated his learning disability; only allow Petitioner to perform legal research at the same time he is allowed to practice his religion; and demand payment prior to rendering services like copying, notarization, and phone calls. *Id*. at 1-6. Petitioner alleges Respondents' interference caused him and his co-plaintiffs to miss filing deadlines in another case, *Granado v. LNU*, 16-cv-859-KG-SCY, that *Granado* was dismissed because they missed deadlines, and that he fears this case will also be dismissed due to Respondents' denial of his right to access the court. *Id*. at 7.

Rule 60(b)(1) allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court has not taken adverse action against Petitioner because of missed deadlines, nor has

13

the Court entered a final judgment or order, so Rule 60 is inapplicable here. To the extent Petitioner requests relief for excusable neglect in *Granado*, the Court cannot grant relief in this case. Finally, to the extent Petitioner wishes to add any new claims to his Petition, they are not appropriate under § 2254. The Court may grant the Petition "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Petitioner's claims relate to the conditions of confinement and alleged violations of his constitutional rights while he is in custody, but they do not pertain to whether Petitioner is in custody in violation of federal law. Accordingly, the Court will deny Petitioner's Rule 60(b) Motion.

III.     Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted a proper analysis and correctly concluded that the state court decisions at issue in this case were not contrary to or unreasonable applications of clearly established federal law, or that they resulted in an unreasonable determination of facts in light of the evidence presented. Additionally, Petitioner is not entitled to relief under any of his various motions.

IT IS THEREFORE ORDERED that Petitioner's *Pro Se Motion of Objection's to Magistrate Court Ruleing, with Declaration's and Motion in Support of Withdrawl and or Removal of Any and All Prior Petition's Motion's or Document's now Priorly Submitted to the U.S. District Court of New Mexico* (Doc. 28), are OVERRULED; Chief United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition*, (Doc. 24), are ADOPTED; and Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1); *Motion for Interlocutory Appeal for Motion for Enlargement of Time and For Denial of Motion to Compel Brief and Chief or Opinion for Writ of Certiorari*,

(Doc. 6); *Motion of Objection to Time Extension and Motion for Default Judgment*, (Doc. 10); *Motion Requesting Appointment of Counsel and Motion for a Stay of Proceedings, and Motion to Show Cause for Requested Relief*, (Doc. 11); *Motion to Show Cause*, (Doc. 15); *Motion to Amend Petitioner's Writ of Habeas Corpus*, (Doc. 16); *Motion for Abeyance, Extension and Remand Back to the District Court's of Both Bernalillo and Sandoval County's to Amend and Exhaust All State Remedy's*, (Doc. 27); and *Pro Se Motion Pursuant to Federal Rules of Civil Procedure 60(b) at 1*, (Doc. 29);  are DENIED and this case shall be DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE